**Alen HOT, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4640–AG.

United States Court of Appeals, Second Circuit.

Feb. 16, 2006.

Michael P. DiRaimondo (Marianlaina L. Masi and Mary Elizabeth Delli–Pizzi, on the brief), DiRaimondo & Masi, LLP. Melville, New York, for Petitioner.

Margaret M. Chiara, United States Attorney, Western District of Michigan, Raymond E. Beckering III, Assistant United States Attorney, Grand Rapids, Michigan, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Alen Hot, a citizen of Montenegro, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ declined to make an adverse credibility finding, instead correctly concluding that Hot had failed to establish past persecution and a well-founded fear of future persecution. Regarding Hot's claim of past persecution, there is substantial evidence to support the IJ's finding that he did not resist efforts to be drafted into the military and that the photographs submitted into evidence suggested that he had been happy about being sworn into the military. There was also substantial evidence to support the IJ's finding that, even if Hot had been harassed because of his ethnicity and religion while in the military, this type of harassment would not have amounted to persecution. The IJ also found that, even if Hot had been detained and physically mistreated while in the military, such actions were attributable to his failure to follow direct orders.

Regarding Hot's future persecution claim, there was substantial evidence to support the IJ's finding that Hot had failed to establish a well-founded fear of future persecution, because any potential detainment or arrest he might face if returned to Montenegro would be a result of his desertion from the military, not on account of his ethnicity or religion. There was also substantial evidence to support the IJ's finding that country conditions in Montenegro, and the entire Yugoslavian region, had changed significantly enough so that Hot's alleged fear of persecution upon his return was not well-founded. The IJ cited former President Milosovic's ouster from power; the new, democratic Yugoslavian government's change in policies from those of Milosovic; the United Nations' close watch on Yugoslavia for po-

tential human rights violations; and various news articles and the U.S. State Department's country report showing that Montenegro, Hot's home country, was increasingly more independent and distant from the centralized Yugoslavian government, and enjoyed a significant amount of independence. The IJ also recognized that Montenegro's government had passed a law granting general amnesty to all those who, like Hot, had evaded the draft between June 1998 and June 1999, making it even more unlikely that he would be persecuted for desertion if returned to Montenegro in light of the enactment of this law. Accordingly, the IJ correctly concluded that, because the basis for Hot's future persecution claim no longer existed, his application for asylum should be denied. The IJ also correctly found that Hot had failed to establish that it was more likely than not that he would be tortured if returned to Montenegro. Because the IJ correctly denied Hot's application, the BIA did not err when it summarily affirmed the IJ's order of removal.

We have considered Hot's due process argument and find it to be without merit.

For the foregoing reasons, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).